SUMMARY ORDER
Plaintiff Edward Walsh appeals from an order and judgment of the Southern District of New York dismissing his complaint against defendant WOR Radio, a/k/a Buckley Broadcasting Company (“WOR”), for breach of an alleged oral contract to extend his employment with WOR for a period of three additional years, and an order of that court denying his motion for reconsideration. See Walsh v. WOR Radio, 531 *590 F.Supp.2d 623, 624 (S.D.N.Y.2008) (granting WOR’s motion to dismiss); Walsh v. WOR Radio, 537 F.Supp.2d 553, 556 (S.D.N.Y.2008) (denying Walsh’s motion for reconsideration).* We assume the parties’ familiarity with the underlying facts, procedural history, and issues on appeal.
The district court dismissed the complaint on the basis that the underlying dispute was subject to arbitration. See Walsh, 531 F.Supp.2d at 625. Specifically, the district court found both that the oral agreement Walsh alleged to exist would have incorporated a prior agreement between the parties to arbitrate and that the collective bargaining agreement (“CBA”) binding on both Walsh and BBC mandates arbitration of the dispute. See id. We affirm on the latter ground.
The CBA constitutes an agreement between WOR and Walsh’s union — the American Federation of Television and Radio Artists, AFL-CIO (“AFTRA”). Pursuant to the terms of their prior written employment contract signed in 2003, both Walsh and WOR promised to “adhere to the provisions of the AFTRA collective bargaining agreement in effect during the term of the agreement.”
By its terms, the CBA “applies, and is limited in its application, to staff announcers and staff newspersons.” It specifically allows for the arbitration of “any controversy or dispute between a staff announcer or staff newsperson and [WOR] arising out of or connected with ... the employment by [WOR] of a staff announcer or staff newsperson.”
The CBA also provides that “[c]ertain limited portions of this Agreement apply to part-time and per diem announcers and newsperson[s] and persons employed as program hosts and talent.” A “side letter” to the CBA — Side Letter # 5 — provides that “[w]ith reference to program hosts and talent employed on WOR-AM, [WOR] shall, for the term of this Agreement, abide by the terms and conditions of all of the National Codes of Fair Practice and Local Codes where applicable, including the National Code of Fair Practice for Commercial Radio Broadcasting ... as modified by this side letter.” The National Code of Fair Practice for Commercial Radio Broadcasting (the “Code”), incorporated by reference into the CBA, provides in relevant part that:
[a]ll disputes and controversies of every kind and nature whatsoever between any Producer [such as WOR] and AF-TRA or between any Producer and any member of AFTRA [such as Walsh], arising out of or in connection with this Code, and any contract or engagement ... in the field covered by this Code as to the existence, validity, construction, meaning, interpretation, performance, non-performance, enforcement, operation, breach, continuance, or termination of this Code and/or such contract or engagement, shall be submitted for resolution in accordance with the following grievance and arbitration procedures.
(Emphases added.) The Code includes, among other documents, a “Standard AF-TRA Engagement Contract.” It also con *591 tains various provisions covering “radio artists,” “performers,” and “announcers,” and its coverage of “program hosts and talent” is expressly recognized in Side Letter # 5. Thus, general employment disputes arising from WOR’s employment of such professionals fall within “the field covered by [the] Code.”
We need not decide whether Walsh is a staff announcer, a program host/talent, or both, because in any case the CBA provides for arbitration arising out of employment disputes.
Such a reading of the relevant labor documents comports with the federal policy in favor of arbitration.
The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbi-trable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability-
Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Federal courts must therefore “ ‘construe arbitration clauses as broadly as possible,’ ... ‘in favor of arbitration.’ ” Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 76 (2d Cir.1998) (citation omitted); see also id. (“ ‘[T]he existence of a broad agreement to arbitrate creates a presumption of arbitra-bility which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute.’ ” (emphasis and brackets in original)).
Our conclusion is confirmed not only by the terms of the documents that bind the parties here and the federal policy in favor of arbitration, but also by Walsh’s own actions. Prior to filing this very suit, Walsh initiated an arbitration proceeding against WOR based on the same misconduct he alleges here, the “[b]reaeh of [an] oral contract of employment between WOR Radio (Buckley Broadcasting Corporation) and Mr. Edward Walsh,” and seeking the same relief that he seeks here, “damages caused by the wrongful termination.” That arbitration is now pending, and WOR has represented throughout this proceeding that it is able and willing to arbitrate this dispute.
For the foregoing reasons, arbitration is appropriate. In addition, because Walsh’s motion for reconsideration sought only to relitigate the district court’s dismissal of his complaint on the basis of the same arguments he advanced in his original opposition to WOR’s motion, Walsh’s motion for reconsideration was properly denied. See Shrader v. CSX Transport, Inc., 70 F.3d 255, 257 (2d Cir.1995).
We have considered all of Walsh’s contentions on this appeal and have found in them no merit. The judgment and orders of the district court are therefore hereby AFFIRMED.

 The original complaint alleged that Walsh is a Massachusetts citizen and that WOR's principal place of business is in the state of New York, but failed to allege the state of WOR’s incorporation. See 28 U.S.C. 1332(c)(1) ("[A] corporation shall [for purposes of determining diversity jurisdiction] be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.”). This defect in the pleadings was identified by the court at oral argument. By motion dated April 22, 2009, Walsh sought leave from this court to file an amended complaint to cure this defect by adding an allegation that WOR is a corporation organized and existing under the laws of the State of Delaware. By separate order, we grant that motion.